# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BRUCE TOWNSEND, *aka* <br> RAS LAZARUS NAZARI, <br><br>     Plaintiff, <br><br> v. <br><br> STATE OF GEORGIA, *et al..*, <br><br>     Defendants. | CV418-303 |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Bruce Townsend (also known as "Ras Lazarus Nazari", *see, e.g., Townsend v. United States Bureau of Prisons*, CV203-006) seeks to proceed *in forma pauperis* (IFP) in bringing this Complaint for "Declaratory relief" from a state criminal court judgment. Docs. 1, 3, & 7. After reviewing his affidavit supporting his application, it appears that he lacks sufficient resources to pay the $400 filing fee. The Court therefore **GRANTS** Townsend leave to proceed *in forma pauperis*. His Amended Complaint will thus be screened pursuant to 28 U.S.C.

§ 1915(e).[1]

Plaintiff filed a Complaint "calling on the Federal and State government to stand as a legitimate Constitutional government" to intervene in a state criminal case that "violates 'customary international law'." Doc. 1 at 1-2; *see* doc. 3 at 18 (asking the Court to "freeze all federal funding to the State of Georgia, City of Savannah" to quash the "new felony charge" filed against him). To wit: he is dissatisfied with the course of his state criminal case, and has several constitutional bones to pick with the state prosecutor and judge assigned to his case. *See* doc. 1 at 2 & doc. 3 at 2 (listing, among others, the First, Fourth, Sixth, and Fourteenth Amendments and the Supremacy Clause as grounds for his various stymied motions in the state court). He further contends that the prosecutor and judge are acting out of "biased religious hate" (he is, after all "a Rastafarian and Public Minister for the Ethiopian World Federation Inc.", doc. 3 at 3 & 7), as evidenced by the state judge's denial of "all motions and affidavits" he submitted, *pro se*, to the trial court. *Id.* at 5;

---

[1] In cases where the plaintiff is proceeding *in forma pauperis*, the Court must screen each case and must dismiss it at any time if the Court determines either that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

*see State v. Townsend*, CR16-2247 (Chatham Cty. Super. Ct.) (*Alford* plea accepted and case closed November 26, 2018).[2]

Townswend peppers his filings with legalistic gobbledygook. *See, e.g.,* doc. 3 at 3 ("Comes Now Public Minister (22 USC 252) Ras Lazarus Nazari, secured party, third party intervenor on behalf of the DEBTOR BRUCE BERNARD TOWNSEND, pursuant to UCC 3-403, UCC 1-207, UCC 1-308, UCC 3-410, UCC 1-103, UCC docket 0252005002433 but not limited too."); *id.* ("Comes now Affiant Ras Lazarus Nazari, the living Human being, a living soul, sui juris, Foreign Sovereign and holder in due course of the commercial vessel, commercial trade name, en legis known as BRUCE BERNARD TOWNSEND to present the facts of this matter as a victim witness presenting the truth the whole truth and nothing but the truth so help me Jah."); *id.* ("NOTICE! THIS THIRD PARTY INTERVENOR IS BROUGHT UNDER THE JURISDICTION OF THE AMERICAN FLAG OF PEACE TITLE 4 USC section 1 and the Red Gold Green Flag of Ghana and Ethiopia but as a diplomatic nationalist"); *id.* at

---

[2] As a Rastafarian, Townsend argues that he must utilize marijuana in his religious practices. Given that his conviction was one for possession of marijuana, it might be — though it is unclear in his ramblings — that he believes he was wrongfully prosecuted for the practice of his sincerely-held religious believes.

3

17 ("THIS NOTICE IS FILED ALSO TO INFORM PURSUANT TO THE UNIFORM COMMERCIAL CODES AND LEX LOCI CONTRACTUS").

Townsend's language has all the hallmarks of the "sovereign citizen" theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves.[3] *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's

---

[3]   Nazari's pleadings cite the Uniform Commercial Code, and so-called "sovereign citizens" often file "lots of rambling, verbose" pleadings that, *inter alia*, "rely heavily on the Uniform Commercial Code." *United States v. Perkins*, 2013 WL 3820716, at *1-2 (N.D. Ga. 2013). His reference to himself in the third person as "a living Human being" and "living soul" is also typical of such frivolous sovereign-citizen claptrap. *Trevino v. Florida*, 687 Fed. Appx. 861, 862 (11th Cir. 2017) (dismissing as frivolous sovereign citizen lawsuit filed by a "living, breathing, flesh and blood human being"); *Alexio*, 2015 WL 4069160 at *3 (noting that sovereign citizens believe in a "somewhat mystical distinction between a 'person' and a 'human being'").

4

time, which is being paid for by hard-earned tax dollars") (cite omitted); *United States v. Alexio*, 2015 WL 4069160 at *3 (D. Hawaii 2015). *But see* doc. 3 at 16 ("THE COURT can not make any SHOWING THIS PROPRIA PERSONA Ras Lazarus Nazari made any claim to be a sovereign citizen. In fact his propria persona is not a citizen as stated on record and is a Nationalist for the Ethiopian World Federation Inc. and the (GNONA) Gullah Nation of North America.").

Given the absolute frivolity of Nazari's filings, his case should be **DISMISSED**. *See* 28 U.S.C. 1915(e)(2) (requiring dismissal "at any time if the court determines that," *inter* alia, the action is frivolous). Additionally, to the extent he waives at a claim of malicious prosecution, his Amended Complaint should be **DISMISSED** for failing to state a claim. *See Wallace v. Kato*, 549 U.S. 384, 390 (2007) (the tort of malicious prosecution "remedies detention accompanied . . . by *wrongful institution of legal process*."); *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003) (identifying "malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983."). An essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor. *Id.* at 882. And there

5

can be no allegation that the Chatham County criminal case has been resolved in Townsend's favor. No acquittal or dismissal of charges has been filed by the Government, and no appellate or habeas court has overturned his conviction. *See* docs. 1 & 3; *Townsend*, CR162247 (one-year sentence imposed for "possession of marijuana, more than an ounce," with provision that "Defendant Agrees to Violate No Law" as requirement of suspension of sentence).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __11th__ day of February, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA