# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

BRUCE TOWNSEND aka RAS LAZARUS NAZARI.,

    Plaintiff,

v.

STATE OF GEORGIA, CITY OF SAVANNAH.,

    Defendants.

CIVIL ACTION NO.: 4:18-cv-303

## O R D E R

After a careful *de novo* review of the record in this case, the Court concurs with the Magistrate Judge's February 11, 2019 Report and Recommendation, (doc. 8), to which Petitioner filed Objections, (doc. 10). The Court **OVERRULES** Petitioner's Objections and **ADOPTS** the Report and Recommendation as the opinion of the Court.

In his Objections, Plaintiff disputes the Magistrate Judge's characterization of his pleading as "utterly frivolous" "sovereign citizen" "gobbledygook." (Doc. 10; *see* doc. 8 at 3-4.) Townsend explains, unedited and in full, that he is

> a Rastafarian and my religious right have been violated. This religious right is supported by the also legal right to be a member of a International Organization that represents my faith and that is the Ethiopian World Federation Inc. which falls under 22USC288 and is a emissary mission also placing it under the Vienna Convention. So based on this claim is TOTALLY OPPOSITE OF A SOVEREIGN CLAIM. IT IS IN FACT A CLAIM THAT THE COURT SHOULD BE USING THE CONSTITUTION AND GRANT RELIEF THAT THIS AFFIANT DOES HAVE THE RIGHT TO THE FIRST AMENDMENT PROTECTION GRANTED TO ALL.

> This case is based on the fact that this Affiant has under law an EXEMPTION RIGHT not a sovereign right to not be tried or the court had no jurisdiction. This was not the claim. AGAIN THE CLAIM WAS THAT THERE ARE EXEMPTIONS IN THE LAW ACCORDING TO THE LAW THAT APPLIES TO 22USC288 and the first amendment protection. THE COURTS CHOICES TO MISCONSTRUE MY CLAIMS TO AVOID

ADDRESSING IS FURTHER DENIAL OF EQUAL PROTECTION. Which appears again to be a racial bias on the Courts behalf, for as stated in State of Georgia courts if I had been a Catholic Priest the provision of religious exemption and the honoring of the religious position would have been different than the judicial attacks that Rastafarians can not have an Exemption under 22usc288 and Rastafarian have no right to a First Amendment claim. As the Court records show UNEQUAL TREATMENT/ PROTECTION.

(Doc. 10 at 2.)

Townsend continues on for another dozen pages, detailing his musings on the United Nations Convention Against Torture's apparent prohibition on his current incarceration and the Framers' "sensitivity" to his ability to practice the Rastafarian faith[1], his citizenship with the Ethiopian World Federation, apparently by way of royal decree by the late Ethiopian Regent and Emperor Haile Selassie (also known as "Ras Tafari," whose reign ended in 1974), and his current "official position" as "International Organizer" and "Public Minister" for the organization. (*Id.* at 2-3.) *See generally*, Giulia Bonacci, *From pan-africanism to Rastafari: African American and Caribbean "returns" to Ethiopia,* excerpt from UNDERSTANDING CONTEMPORARY ETHIOPIA,

---

[1] As noted in the Report and Recommendation, it is unclear whether Townsend is arguing that his marijuana conviction is in fact an illegal punishment of his free exercise of his religion, to wit: his right to smoke marijuana during Rastafarian rituals. (Doc. 8 at 3 n. 3; *see Townsend v. United States Bureau of Prisons*, CV203-006, doc. 45 at 1 (S.D. Ga. Jan. 20, 2004) (conditions of confinement action arguing that his Equal Protection rights had been violated, *inter alia*, by the prison's refusal to permit him to "chant songs to the beat of drums while under the influence of marijuana" as part of his "religious practices."); *see* doc. 10 at 11-12 (citing the "RFRA" (the Religious Freedom Restoration Act), and the Supreme Court's decision in *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006)), to argue that he "must possess and consume marijuana as mandated by [his] sincere religious beliefs in the Rastafari faith.").) But that is not a question for this Court.

Put differently, Townsend necessarily complains of defects that necessarily imply his conviction's invalidity. In that case, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c). Meaning, he must first raise these questions before the Georgia Court of Appeals and/or habeas courts *before* coming to this Court.

Hurst & Co., 147-157, 450-51 (2015), *accessible at* http://hal.ird.fr/ird-01505390. He cites these random, disconnected organizations, laws, and treaties[2] in an attempt (perhaps) to convince the court that he is immunized from state criminal prosecution by his affiliation with the Ethiopian World Federation. (*E.g.*, doc. 10 at 2-4.) Through these arguments, Townsend apparently sees a way to skip out of his state charges, which he cannot do.

Moreover, his Objections do not hint — much less demonstrate — that the Recommendation that the Complaint be dismissed on frivolity grounds is inappropriate. Nor does Townsend address the Report and Recommendation's finding that the state criminal case has not been resolved in his favor, foreclosing any claim for malicious prosecution. (*See id.* at 5-6.) The Court concurs with both findings and **DISMISSES** Plaintiff's Complaint as frivolous (doc. 1) and his Amended Complaint for failing to state a claim (doc. 3), and **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 1st day of March, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Notably, his oft-referenced 28 U.S.C. § 288 is a federal statute granting certain "privileges, exemptions, and immunities" to "international organizations" with whom the United States "participates pursuant to any treaty or under the authority of any Act of Congress." The Ethiopian World Federation, however, is unencumbered by any such treaties or Congressional Acts and thus unaffected by 28 U.S.C. § 288.